# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ZINGANYTHING, LLC, | ) | CASE NO. 5:15-cv-1453 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ROYAL DESIGN, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of plaintiff Zinganything LLC ("plaintiff" or "Zinganything") for default judgment against defendant Royal Design, Inc. ("defendant" or "Royal Design") pursuant to Fed. R. Civ. P. 55(b)(2) for patent infringement. (Doc. No. 20 (Motion for Default Judgment ["Motion"]).) In support of the motion, plaintiff filed the affidavit of its counsel, David Welling. (Doc. No. 20-1 (Affidavit in Support ["Welling Aff."]).).

For the reasons that follow, plaintiff's motion for default judgment is granted in part and denied in part.

## I. BACKGROUND

Defendant was properly served with a summons and the complaint, but failed to file a responsive pleading, or otherwise defend the lawsuit. (*See* Welling Aff. ¶¶ 5-6.) Default was entered against Royal Design, and a copy of the default entry mailed to defendant at its address of record. (Doc. No. 21.).

Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The following factual allegations from the complaint are deemed admitted due to defendant's default.

Plaintiff Zinganything is a limited liability company organized under the laws of Ohio with its principal place of business in Akron, Ohio. (Doc. No. 1 (Complaint ["Compl."]) ¶ 1.) Plaintiff introduced a product line and technology designed for the purpose of extracting the essence of natural ingredients and allowing these flavors to infuse directly into a liquid of choice. (Compl. ¶ 11.).

On June 3, 2014, United States Patent No. 8,740,116, entitled "Essence Extracting Drinking Vessel" (the "116 patent"), was issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention, attached as exhibit 1 to the complaint. (Compl. ¶ 20.) All rights to the 116 patent, including but not limited to the right to recover for infringement, have been assigned to plaintiff. (Compl. ¶ 21.) Plaintiff claims that Royal Design has willfully infringed, and induced infringement of, the 116 patent in violation of 35 U.S.C. § 271 *et seq*. (Compl. ¶¶ 28-34.).

The Citrus Zinger® was plaintiff's first product and most successful. Plaintiff's products are sold worldwide via its website, and through distributors and

retailers. (Compl. ¶ 13.) Plaintiff's product line, including the Citrus Zinger®, reads on the 116 patent. (Compl. ¶ 22.).

Defendant Royal Design a business entity that makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere. (Compl. ¶¶ 2, 24.) Plaintiff's test purchases of Royal Design's water bottles confirm that Royal Design's product infringes plaintiff's patent. (Compl. ¶¶ 2, 23.) Royal Design sold its product over the website royaldesign.com. (Compl. ¶ 9.) Royal Design's infringement of plaintiff's 116 patent is willful, and Royal Design is actively inducing infringement of the 116 patent by offering for sale and selling its infringing product to dealers, who in turn, offer the products for sale and sell the products to end users. (Compl. ¶¶ 32-33.).

Plaintiff has not authorized defendant Royal Design to sell infringing products or to use plaintiff's intellectual property in any way. (Compl. ¶ 26.) The aforementioned activities of Royal Design have injured, and threaten future and immediate injury to the plaintiff. Specifically, the defendant's activities have diminished plaintiff's goodwill and have caused plaintiff to lose sales that it otherwise would have made but for the sales of the defendant. (Compl. ¶ 25.).

## II. DISCUSSION

### A. Default Judgment—Liability

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the clerk against defendant Royal Design pursuant to Rule 55(a). (Doc. No. 21.) After default has been entered, the Court may enter default judgment against the defendant with or without a hearing. Fed. R. Civ. P. 55(b). Based on

3

the well-pleaded factual allegations in the complaint, and the declaration submitted by the plaintiff in support of the motion, the Court concludes that there is a sufficient basis for determining defendant's liability without the need for a hearing.

Even though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims for patent infringement for which plaintiff seeks default judgment. *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted).

35 U.S.C. § 271(a) and (b) provide that:

> **(a)** Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> **(b)** Whoever actively induces infringement of a patent shall be liable as an infringer.

Based on the admitted factual allegations in the complaint, which the Court accepts as true, plaintiff owns the 116 patent and defendant is making, using, selling, offering for sale in the United States, and/or importing products that infringe plaintiff's 116 patent into the United States, willfully infringing the 116 patent, and actively inducing infringement of the 116 patent by others.

Accordingly, plaintiff is entitled to default judgment against Royal Design for infringement of the 116 patent.

**B. Default Judgment—Damages**

Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr.*, 661 F.2d at 124). "[W]here the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment." *J&J Sports*, 2008 WL 5083149, at *1 (citing Fed. R. Civ. P. 55(b)). Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009)). The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing. *Id*. at *2 (citation omitted).

Plaintiff's motion for default judgment states that:

> Setting an amount of damages against said Defendant in default would require some speculation as to sales levels, which is unknown. Without data from the Defendant concerning sales, any amount of damages would be speculative. However, in the interests of adjudicating this matter fully, Plaintiff respectfully requests damages to be set at $75,000 as to said Defendant, which seems reasonable to Plaintiff in terms of Defendant's apparent size and conduct.

(Motion at 106-07.).

In addition, the affidavit of plaintiff's counsel, submitted in support of the motion, avers as follows:

> 9. Setting an amount of damages against said Defendant in default would require some speculation as to sales levels, which is unknown. Without data from the Defendant concerning sales, any amount of damages would be speculative.

5

> 10. In the interests of adjudicating this matter fully, Plaintiff respectfully requests damages to be set at $75,000 as to the Defendant, which seems reasonable to Plaintiff in terms of each Defendant's apparent size and conduct.

(Welling Aff. ¶¶ 9-10.).

Even in the context of default judgment, the Court has an obligation to ensure that there is a legitimate basis for any award of damages that it enters. *Hitachi Med. Sys. v. Lubbock Open MRI,* No. 5:09CV847, 2010 WL 5129311, at *2 (N.D. Ohio Dec. 10, 2010) (citations omitted). Damages may only be awarded on default judgment where the record adequately supports a basis for the award. *See id.*

In this case, plaintiff admits that underlying data that may provide evidentiary support for an award of damages—such as the amount of defendant's sales—is unknown and, without that data, setting an amount of damages would be speculative. The basis for plaintiff's request for $75,000.00 in damages is that the sum "seems reasonable" to the plaintiff in terms of defendant's "apparent size and conduct."

Plaintiff has provided no evidence to support an award of damages for default judgment in the amount of $75,000.00. The Court must abide by its obligation to only award damages adequately supported by the record. Consequently, the Court will not grant damages at this juncture.

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion for default judgment against defendant Royal Design is granted in part and denied in part. Plaintiff's motion is granted on the issue of liability, and denied, without prejudice, on the issue of damages.

By February 12, 2016, plaintiff shall advise this Court in writing as to whether it intends to pursue damages and, if so, to propose a schedule for submission of the issue of damages to the Court.

**IT IS SO ORDERED**.

Dated: January 29, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**